HENRY ABEEL v. JAMES E. HUBBELL AND IRA J. HUBBELL.

*Proceedings to recover possession—Assignment of lessor's interest.*

1. The statutory proceeding to recover possession of land from a tenant cannot be maintained by one of two independent grantees of the lessor under the provision in the lease that the lessor is to have the right of selling the land on certain conditions.

2. A lessee holding over after the termination of his lease is a tenant at sufferance.

3. The adjournment of an arbitration is within the power of the arbitrators, and where the continuance of a lease depends upon the result of the arbitration such an adjournment cannot deprive the tenants of their rights.

Error to St. Clair.    (Harris, J.)    Oct. 25,—Oct. 31.

PROCEEDINGS to recover possession of land.    Complainant brings error.    Affirmed.

*Atkinson & Stevenson* for appellant.

*William T. Mitchell* for appellee.

CAMPBELL, J.    Abeel brought summary proceedings to

remove defendants from lands leased to them by his father, James Abeel. The claim of complainant was that they held over wrongfully after the lease was determined. He prevailed before the magistrate, but the circuit court of St. Clair county, on appeal, held he made out no case.

The lease was by its terms to run from April, 1879, to April, 1882. The rent for the whole term was $810, not payable at any fixed rate per year, but in fixed instalments, not all equal. The whole farm contained 142 acres, and some restrictions were made as to the parts of the land on which certain acts were to be done. The lease contained a clause providing that the lessor was to have the right of selling the farm, but in case he did so he was to pay the lessees one dollar and fifty cents per acre for plowing, and a reasonable sum for such damages as they should sustain, "to be left to two men, one chosen by each party. If they cannot agree, then they are to choose a third man." This, as here set forth, is all that the lease contained on the subject. On the 12th of January, 1880, the lessor conveyed one parcel of the farm to complainant, and the remainder to another son, William Abeel. Immediately after these conveyances the lessor gave notice to the lessees that he had sold and conveyed the land to the persons named, and that he had chosen Lewis A. Frost as arbitrator and required them to choose an arbitrator within fourteen days, and set the time for removing from the farm. No other notice to quit was given, and this was given after the conveyances. This proceeding was begun March 11, 1880.

Some testimony was given tending to show that each party named an arbitrator and that the arbitrators met on the 25th of February, 1880, and adjourned to some future day, and met again, but on what day is not shown, the only witness on the subject stating that he thought it was before this suit was commenced. It did not appear that the arbitrators had concluded their labors, or that anything definite had been arrived at. The whole testimony on this matter was too indefinite to be of any importance. It was not shown what claims either party set up, and it was not shown

that James Abeel made any offer or tender in money or that the Hubbells were in any way in default.

We can find no basis whatever for a recovery. Neither of these separate grantees could stand as assignees of the landlord's title, and they had no joint interest. Assuming that the Hubbells were bound to surrender the property on compliance by Abeel with the conditions referred to, it is very clear that until an arbitration was had and a tender made, they could not be required to leave the land, unless, possibly, by a proper tender on the part of Abeel after a fair effort on his part prevented by their fault, to get at their rights. Some things were fixed by the lease itself. There was an allowance for plowing which needed no arbitration to fix it. This was not tendered. And there was nothing whatever tending to show any failure for which they were responsible. The arbitrators' action in postponement was, whether wise or unwise, their own lawful act, and not to be regarded as depriving the Hubbells of any rights. But the latter were not shown to be in fault, and the case fails to show how the attempt to arbitrate ended, if it did end.

Beyond this it is also to be considered that even if the action of the parties was such as to terminate the interests of the Hubbells, they became thereafter tenants by sufferance, and possibly, if the whole estate had been sold to one purchaser, he might come in on the footing of their first landlord. But a grantee of a separate parcel of the reversion cannot claim as such assignee, and could not bring himself within the statute without some notice to quit or demand of possession. Whether he could do so at all we need not consider.

We might point out still further deficiencies in the testimony, but it would be of no special use. It seems that the Hubbells subsequently gave up possession. It does not appear whether they have been indemnified. The question has probably become one of costs entirely.

We think the action of the circuit court was correct, and it must be affirmed with costs.

The other Justices concurred.